Luening and another, Appellants, vs. Public Service
Commission and others, Respondents.

*April 9—May 6, 1952.*

*Roman H. Papka* of Milwaukee, for the appellants Fred W. Luening and Milwaukee County Conservation Alliance.

For the appellant state of Wisconsin there was a brief by the *Attorney General* and *Roy G. Tulane,* assistant attorney general, and oral argument by *Mr. Tulane.*

For the respondent Winter Electric Light & Power Company there was a brief by *Glen H. Bell* and *Charles P. Seibold,* both of Madison, and *Douglas & Omernik* of Spooner,

and oral argument by *Mr. Bell, Mr. Seibold,* and *Mr. E. E. Omernik.*

*William E. Torkelson,* chief counsel, for the respondent Public Service Commission.

CURRIE, J. As conceded by all parties this appeal does not concern the merits of the controversy, but only procedure. The questions raised as to procedure are the same as those in *Muench v. Public Service Comm.,* ante, p. 492, 53 N. W. (2d) 514, and are ruled by our decision in that case.

With respect to the motion to dismiss, the Federal Power Act, 16 USCA, p. 586, sec. 797 (e), provides as follows:

"(e) *To issue licenses* to citizens of the United States, or to any association of such citizens, or *to any corporation* organized under the laws of the United States or any state thereof, or to any state or municipality *for the purpose of constructing, operating, and maintaining dams,* water conduits, reservoirs, powerhouses, transmission lines, or other project works necessary or convenient for the development and improvement of navigation and for the development, transmission, and utilization of power *across, along, from, or in any of the streams or other bodies of water over which congress has jurisdiction under its authority to regulate commerce with foreign nations and among the several states, or upon any part of the public lands and reservations of the United States (including the territories),* or for the purpose of utilizing the surplus water or water power from any government dam, except as herein provided: . . ." (Emphasis supplied.)

It will be noted that the foregoing federal statute contains three distinct grants of power to the Federal Power Commission to authorize construction and maintenance of dams and other structures, these being as follows:

(1) In streams or waters over which congress has power under the commerce clause.

(2) Upon public lands of the United States.

(3) For use of surplus water from any government dam.

The Federal Power Commission license issued to the company contains the following statement:

". . . provided, that nothing in this license shall be construed as determining whether the east fork of the Chippewa is a navigable water of the United States at the site of the proposed project. . . ."

In passing it should be noted that the federal test of navigability is different from the Wisconsin test embodied in sec. 30.01, Stats. A stream might be navigable under the Wisconsin law, and not under the test employed by the federal courts in interpreting federal statutes such as the Federal Power Act. A statement of the federal test is to be found in *Brewer-Elliott Oil & Gas Co. v. United States* (1922), 260 U. S. 77, 86, 43 Sup. Ct. 60, 67 L. Ed. 140, as follows:

"A navigable river in this country is one which is used, or is susceptible of being used in its ordinary condition, as a highway for commerce over which trade and travel are or may be conducted in the customary modes of trade and travel on water. It does not depend upon the mode by which commerce is conducted upon it, whether by steamers, sailing vessels, or flatboats, nor upon the difficulties attending navigation, but upon the fact whether the river in its natural state is such that it affords a channel for useful commerce."

It would seem clear from the cases of *United States v. Appalachian E. P. Co.* (1940), 311 U. S. 377, 61 Sup. Ct. 291, 85 L. Ed. 243, and *Wisconsin Public Service Corp. v. Federal Power Comm.* (8th Cir. 1945), 147 Fed. (2d) 743, (cert. den. 325 U. S. 880, 65 Sup. Ct. 1574, 89 L. Ed. 1996), that the words "streams or other bodies of water over which congress has jurisdiction under its authority to regulate commerce with foreign nations and among the several states" of the above-quoted federal statute has reference to navigable waters. We, therefore, must conclude that the

Federal Power Commission issued its license to the company not on the ground that the waters of the east fork of the Chippewa are navigable, but on the ground that the structures to be erected were upon public lands of the United States.

As approximately one half of the proposed dam will be located outside the boundaries of a national forest, a state permit will be necessary as well as a federal license to erect the dam.

It is true that congress has successfully asserted jurisdiction over nonnavigable waters when necessary for the protection of commerce on navigable waters against excessive floods, *Oklahoma ex rel. Phillips v. Atkinson Co.* (1941), 313 U. S. 508, 529, 61 Sup. Ct. 1050, 85 L. Ed. 1487. However, in that case the United States supreme court had before it a special statute, the act of June 28, 1938 (52 U. S. Stats. at L. 1215), enacted by congress for the construction of a particular reservoir on the Red river in Texas and Oklahoma "for the benefit of navigation and the control of destructive flood waters." The court in its opinion in that case said:

> "We are not concerned here with the question as to the authority of the federal government to establish on a nonnavigable stream a power project which has no relation to, or is not a part of, a flood-control project. While this reservoir is a multiple-purpose project, it is basically one for flood control."

The company cites in support of its position the case of *First Iowa Hydro-Electric Co-op. v. Federal Power Comm.* (1946), 328 U. S. 152, 66 Sup. Ct. 906, 90 L. Ed. 1143, which held that the obtaining of a state permit from the state of Iowa to construct a power dam on a navigable stream was not a condition precedent to the issuance of a federal license under the Federal Power Act. This case would not seem to be in point on the issue now before us inasmuch as the Federal Power Commission in this instance did not base its

issuance of a permit on the fact that the east fork of the Chippewa was navigable, but apparently granted such permit on the theory that the structures were to be erected on government land.

For the foregoing reasons the motion to dismiss the appeal is denied.

In this case, unlike that of *Muench v. Public Service Comm., supra,* the constitutionality of the "county board law" is not before us on this appeal. Therefore, it is unnecessary that the instant case be remanded to the commission for further findings on the issue of the violation of public rights to hunting, fishing, and scenic beauty.

*By the Court.*—Judgment reversed and cause remanded to the circuit court for further proceedings according to this opinion.